**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

No. 05-6148

---

FREDDIE JUNIOR WELLS,

Petitioner - Appellant,

versus

STATE OF SOUTH CAROLINA; HENRY MCMASTER,
Attorney General for South Carolina,

Respondents - Appellees.

---

Appeal from the United States District Court for the District of
South Carolina, at Florence.  Henry M. Herlong, Jr., District
Judge.  (CA-04-22358-4-20-BH)

---

Submitted:  March 24, 2005          Decided:  April 4, 2005

---

Before WIDENER and GREGORY, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

---

Dismissed by unpublished per curiam opinion.

---

Freddie Junior Wells, Appellant Pro Se.

---

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Freddie Junior Wells seeks to appeal the district court's order adopting the report and recommendation of the magistrate judge and dismissing without prejudice his petition under 28 U.S.C. § 2254 (2000). We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

Parties are accorded thirty days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). This appeal period is "mandatory and jurisdictional." Browder v. Director, Dep't of Corr., 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)). The district court's order was entered on the docket on November 19, 2004. The notice of appeal was filed, at the earliest, on January 24, 2005.[*] Because Wells failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we deny a certificate of appealability, deny Wells' motions for bail pending appeal and for production of documents, and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in

---

[*]For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date it could have been properly delivered to prison officials for mailing to the court. See Fed. R. App. P. 4(c); Houston v. Lack, 487 U.S. 266 (1988).

- 2 -

the materials before the court and argument would not aid the decisional process.

<u>DISMISSED</u>
